**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Earl Tyrone WILLIAMS, Defendant–
Appellant.**

**No. 08–11440
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 23, 2009.

James T. Skuthan, Tampa, FL, for De-
fendant–Appellant.

Linda Julin McNamara, U.S. Attorney's
Office, Tampa, FL, for Plaintiff–Appellee.

Before BIRCH, CARNES and HULL,
Circuit Judges.

PER CURIAM:

Earl Tyrone Williams challenges the dis-
trict court's *sua sponte* order granting in
part and denying in part his § 3582(c)(2)
re-sentencing motion. He contends that
he received ineffective assistance of coun-
sel because he was not given adequate
notice or opportunity to be heard regard-
ing his re-sentencing.[1]

We review *de novo* Williams' ineffective
assistance of counsel claim. *Horton v.
Zant,* 941 F.2d 1449, 1462 (11th Cir.1991).
Even assuming that Williams has a claim
for ineffective assistance of counsel based
on a § 3582(c)(2) proceeding, his claim fails
because he has suffered no prejudice. In
re-sentencing Williams, the district court
applied Amendment 706 to reduce the sen-
tence for his crack cocaine conviction to
the statutory minimum sentence of 120
months. The district court could not re-
duce Williams sentence any further be-
cause district courts are bound by statuto-
ry minimum sentences in re-sentencing.
*See United States v. Ciszkowski,* 492 F.3d
1264, 1270 (11th Cir.2007); *see also Kim-
brough v. United States,* 552 U.S. 85, 128
S.Ct. 558, 574, 169 L.Ed.2d 481 (2007)
(holding that while district courts may
grant variances based on the crack-to-pow-
der disparity, they are still constrained by
statutory mandatory minimums). The
sentence of 120 months was as low as the
district court could go.

**AFFIRMED.**

---

1. Williams also contends that the district
court erred in denying his request to file his
appeal *in forma pauperis.* That claim is moot
because Williams had previously been granted
IFP status and that status was never revoked.
He was appointed counsel for his appeal, and
he was not required to pay a filing fee.